UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wayne Nicolaison,

                Plaintiff,

                                  Civ. No. 05-1255 (RHK/JSM)
                                       **ORDER**

v.

Tim Brown, *et al.*,

                Defendants.

      This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Janie S. Mayeron, dated February 6, 2007, in which Judge Mayeron recommended that the Court grant in part and deny in part Defendants' Motion for Summary Judgment (Doc. No. 29). Both Plaintiff and Defendants have filed Objections to the Report and Recommendation.

      Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the Report and Recommendation and the Objections thereto. The Court concludes that Judge Mayeron's recommendation is fully supported by the record and controlling legal principles, except insofar as it concerns Plaintiff's Fourteenth Amendment excessive-force claims. With respect to those claims, the Court agrees with Defendants that Plaintiff's own testimony establishes that he suffered, at most, a *de minimis* injury from Defendants' conduct. (See Nicolaison Dep. Tr. at 95-98 (stating that Plaintiff's only injury was pain in his left hip that ultimately subsided, and that Plaintiff's hip was "only a little swollen" and sustained no bruises); see also Compl. Ex. 1 at 5-8 (noting that medical staff palpated

Plaintiff's hip with "no obvious sign of discomfort," that Plaintiff was walking around shortly after incident occurred and repeatedly refused pain medications, and that X-ray revealed no fracture or misalignment of Plaintiff's hip).)  As the Eighth Circuit has noted, "a *de minimis* use of force or injury is insufficient to support a finding of a constitutional violation."  Andrews v. Fuoss, 417 F.3d 813, 818 (8th Cir. 2005) ("forceful blow" that was strong enough to make plaintiff "see stars" and that caused a "pain flare-up relating to pre-existing neck and back injuries" insufficient to support excessive-force claim); accord Crumley v. City of St. Paul, 324 F.3d 1003, 1007 (8th Cir. 2003) (excessive-force claim failed where plaintiff alleged defendants handcuffed her "so tightly that they made one of her hands bleed"); Foster v. Metro. Airport Comm'n, 914 F.2d 1076, 1082 (8th Cir. 1990) (affirming dismissal of excessive-force claim despite plaintiff's allegation that he was pushed against wall, while not resisting arrest, and was handcuffed so tightly that he sustained nerve damage in his arms, since plaintiff "failed to offer any medical records indicating he suffered any long-term injury").[1]  Accordingly, the Court concludes that

---

[1] The Court also notes that Plaintiff attributes the alleged injuries to his hip only to Defendants Brown and Rosburg.  (Nicolaison Dep. Tr. at 97-98.)  No reasonable jury could conclude that the other two Defendants – Schroeder (who placed Plaintiff in a headlock while trying to restrain him) and Lokensgard (who twisted Plaintiff's arm while attempting to handcuff him) – employed excessive force, given that (1) Plaintiff admittedly stood up in a hostile manner and started to flip over a table before being restrained and (2) it is undisputed that Plaintiff sustained no injuries from these Defendants' actions.  See Wertish v. Kruger, 433 F.3d 1062, 1067 (8th Cir. 2006) ("Handcuffing inevitably involves some use of force."); Pride v. Does, 997 F.2d 712, 716-17 (10th Cir. 1993) (excessive-force claim failed even though defendant restrained plaintiff by choking him, since plaintiff acted in threatening manner and sustained only "minimal immediate injury and no permanent injury").  This conclusion is bolstered by the undisputed fact that Schroeder relaxed the headlock when Plaintiff complained.  Cf. Goff v. Bise, 173 F.3d 1068, 1073-74 (8th Cir. 1999) (affirming jury verdict for plaintiff on excessive-

Defendants' Objections must be sustained vis-a-vis Plaintiff's excessive-force claims and that those claims should be dismissed.

As a result of the foregoing, Plaintiff's lone remaining federal claim – seeking a declaratory judgment that Defendants' actions constituted excessive force (see Report and Recommendation at 12 n.6) – also must be dismissed. And, having disposed of all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over his state-law claims. See 28 U.S.C. § 1367(c)(3) (court may, *sua sponte*, decline to exercise supplemental jurisdiction over pendent state-law claims if it has dismissed all claims over which it had original jurisdiction); Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004) (when all federal claims are eliminated before trial, balance of factors to be considered in deciding whether to exercise supplemental jurisdiction over pendent state-law claims typically militates against exercising jurisdiction) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. Plaintiff's Objections to the Report and Recommendation are

    **OVERRULED**;

2. Defendants' Objections to the Report and Recommendation are

    **OVERRULED IN PART** and **SUSTAINED IN PART**;

---

force claim where plaintiff was choked into unconsciousness, despite fact that plaintiff had been restrained and no longer posed a threat).

3. Defendants' Motion for Summary Judgment (Doc. No. 29) is **GRANTED** as to Plaintiff's federal claims and those claims are **DISMISSED WITH PREJUDICE**;

4. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and those claims are **DISMISSED WITHOUT PREJUDICE**; and

5. Plaintiff's Motion for Order Placing this Case upon the Court Docket for Jury Trial (Doc. No. 44) is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March  13 , 2007

                                                     s/Richard H. Kyle
                                                     RICHARD H. KYLE
                                                     United States District Judge