# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

WAYNE NICOLAISON,

        Plaintiff,

v.

TIM BROWN, <u>et al.</u>,

        Defendants.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 05-1255 (MJD/JSM)

Wayne Nicolaison, <u>pro</u> <u>se</u>.

Matthew Hart, Office of the Minnesota Attorney General, Counsel for Defendants.

## I.      INTRODUCTION

This matter is before the Court on Plaintiff Wayne Nicolaison's Motion for Relief from Judgment.  [Docket No. 64]

## II.     BACKGROUND

At all relevant times, Plaintiff Wayne Nicolaison has been civilly committed to the Minnesota Sex Offender Program ("MSOP").  (Compl. ¶ 1; Motion for Relief at 6.)  On March 10, 2005, Plaintiff got into an altercation with

MSOP staff, and staff members forced Plaintiff to the ground.  ([Docket No. 45]
Report & Recommendation at 2-4.)

On June 23, 2005, Plaintiff filed a Complaint against Defendants Tim
Brown, Matt Schroder, Tom Rosburg, and Tim Lokensgard, all MSOP employees,
alleging excessive force based on violations of his Fourth, Eighth, and Fourteenth
Amendment rights under 42 U.S.C. § 1983.  [Docket No. 1]  He also asserted state
law claims.

On March 13, 2007, the Court granted Defendants' motion for summary
judgment, dismissed Plaintiff's federal claims with prejudice, and declined to
exercise jurisdiction over his state law claims.  ([Docket No. 50] Summary
Judgment Order.)  With regard to Plaintiff's Fourteenth Amendment excessive
force claims, the Court held that Plaintiff's own testimony showed that he
suffered, at most, a de minimis injury; therefore, Defendants were entitled to
summary judgment on those claims.  Judgment was entered on March 14, 2007.
[Docket No. 51]  Plaintiff appealed, and, on February 27, 2008, the Eighth Circuit
Court of Appeals affirmed the Court's judgment.  [Docket No. 59]

On May 28, 2019, Plaintiff filed the current Motion for Relief from
Judgment.  Plaintiff seeks relief from judgment under Federal Rule of Civil

Procedure 60(b)(2) based on newly discovered evidence, and under Rule 60(b)(3) based on fraud or misrepresentation by Defendants. He claims that new evidence shows that his injury from Defendants' assault was not de minimis and that Defendants misrepresented that his injury was de minimis.

## III. DISCUSSION

### A. Rule 60 Standard

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Plaintiff seeks relief under Rules 60(b)(2) and 60(b)(3). The Eighth Circuit does "not view Rule 60(b) motions favorably," and "Rule 60(b) authorizes relief in only the most exceptional of cases." Holmes v. United States, 898 F.3d 785, 791 (8th Cir. 2018) (citations omitted).

## B. Timeliness

A motion under Federal Rule of Civil Procedure 60(b)(2) or 60(b)(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "This limitations period is absolute." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (citation omitted). Plaintiff's current motion was made more than 12 years after entry of judgment by this Court and more than 11 years after the Eighth Circuit issued its judgment and mandate affirming this Court's judgment. (It was also made more than three years after the most recent medical record submitted by Plaintiff as "new" evidence.) Thus, Plaintiff's motion is untimely and must be denied.

## C. Merits

Even if Plaintiff's motion were timely, it would be denied.

### 1. Rule 60(b)(2)

To succeed under Rule 60(b)(2), [Plaintiff] must establish four elements: (1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is

material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result.

Holmes, 898 F.3d at 791 (citation omitted).

Plaintiff claims that new medical evidence shows that, as a result of Defendants' assault on Plaintiff, Plaintiff sustained a permanent injury to his hip; thus, his injury was not de minimis and summary judgment should have been denied on his Fourteenth Amendment excessive force claim.

Plaintiff's alleged new evidence consists of medical records from 2009 through 2015 showing treatment of pain in his right hip. (See, e.g., [Docket No. 65, Pl. Ex. At 25, 32, 34, 36-38, 41, 44.) Additionally, there is one entry mentioning left hip pain in 2010. (Id. at 38.) Plaintiff also submits medical records from March and April of 2005, directly after the incident occurred, in which Plaintiff consistently complains of left hip pain. (See, e.g., id. at 26-28.) Plaintiff's Complaint alleged injury to his left hip and leg. (Compl. ¶¶ 24, 34.) In the Court's Summary Judgment Order, the Court cited to Nicolaison's deposition testimony that his only injury was pain in his left hip and granted summary judgment because "Plaintiff's own testimony establishes that he suffered, at

most, a <u>de minimis</u> injury from Defendants' conduct." (Summary Judgment

Order at 1.)

Plaintiff's alleged new evidence merely shows ongoing treatment for pain

in his right hip starting more than four years after the incident, which is not the

injury pled in his Complaint. It does not show that the Court erred in finding

that Plaintiff's injuries were de minimis.

### 2. Rule 60(b)(3)

> To prevail on a Rule 60(b)(3) motion, the moving party must
> establish that the adverse party engaged in fraud or other
> misconduct and that this conduct prevented the moving party from
> fully and fairly presenting its case. The movant's burden of proof is
> one of clear and convincing evidence.

<u>Cook v. City of Bella Villa</u>, 582 F.3d 840, 855 (8th Cir. 2009) (citations omitted).

Plaintiff argues that new evidence shows that MSOP employees covered

up Plaintiff's true injury by initially denying him medical attention and by

denying that any injury occurred. He asserts that the fact that MSOP ordered x-

rays of his hip after the incident shows that they believed that they had caused

severe damage to his hip. He appears to argue that Defendants falsified certain

unspecified medical records. Overall, the evidence presented by Plaintiff fails to

indicate any fraud, misrepresentation, or misconduct by Defendants, let alone clear and convincing evidence of fraud, misrepresentation or misconduct.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Plaintiff Wayne Nicolaison's Motion for Relief from Judgment [Docket No. 64] is **DENIED**.

Dated:   June 28, 2019                    s/ Michael J. Davis
                                                         Michael J. Davis
                                                         United States District Court